# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAWN JAMES ALLEN WOODALL,<br><br>                Petitioner,<br>vs.<br><br>SHERIFF WILLIAM KOLENDER,<br><br>                Respondent. | CASE NO. 07-CV-1583 H (AJB)<br><br>**ORDER DISMISSING HABEAS PETITION WITHOUT PREJUDICE, DENYING MOTION TO EXPEDITE PROCEEDINGS AS MOOT, AND DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT** |

On August 9, 2007, Petitioner Shawn James Allen Woodall, a state prisoner proceeding pro se, submitted a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, together with a motion to proceed in forma pauperis. (Doc. Nos. 1 & 2.) Further, Petitioner submitted a motion asking the Court to expedite the proceedings. (Doc. No. 3.) For the reasons set forth below, the Court **DISMISSES** the petition without prejudice. Therefore, the Court **DENIES** Petitioner's motion to expedite proceedings as moot and **DENIES** Petitioner's motion to proceed in forma pauperis as moot.

## Analysis

**1.  Sua Sponte Review**

A complaint filed by a prisoner seeking redress from a governmental entity or

an employee of a governmental entity is subject to a mandatory and sua sponte review and dismissal by the Court to the extent it is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915A(b)(1) & (2).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (applying same standard for dismissal under § 1915A as applied to analyzing motion to dismiss under Fed. R. Civ. P. 12(b)(6)). Under Fed. R. Civ. P. 12(b)(6), a complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff could prove no set of facts in support of his or her claim for relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Bautista v. Los Angeles County, 216 F.3d 837, 842 (9th Cir. 2000). Conclusory allegations of law, however, are insufficient to defeat a motion to dismiss. Epstein v. Washington Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996). Courts grant 12(b)(6) relief only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990) (as amended).

Additionally, Rule 1(b) of the Rules Governing Section 2254 Cases provides that "[i]n applications for habeas corpus in cases not covered by subdivision (a), these rules may be applied at the discretion of the United States district court." The Court therefore also has discretion to apply the Rules Governing Section 2254 Cases to petitioner's habeas corpus action filed pursuant to 28 U.S.C. § 2241. Accordingly, the Court may also dismiss the petition under this Rule "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 Cases.

**2.    Habeas Review under 28 U.S.C. §§ 2241 & 2254**

Both 28 U.S.C. § 2241 and 28 U.S.C. § 2254 contain similar statutory language. Section 2241 provides jurisdiction for a district court to issue a writ of habeas corpus

when a federal or state prisoner establishes that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a) and (c)(3). Similarly, § 2254 confers jurisdiction on a district court to issue "a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

As explained by the Ninth Circuit, § 2254 implements the general grant of habeas corpus authority in § 2241, so long as the person is in custody pursuant to the judgment of a state court. White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004). In contrast, 28 U.S.C. § 2241 is "properly understood as a general grant of habeas authority that provides federal court jurisdiction to a state prisoner when that prisoner is not in custody pursuant to a 'state court judgment.'" White, 370 F.3d at 1006.

Here, Petitioner has filed his petition under § 2241, but he is in prison according to the judgment of a state court, and he must challenge the validity or length of his detention through a petition under § 2254. Nevertheless, as discussed below, because Petitioner does not challenge the length or validity or his confinement, his claims are not cognizable on habeas review under either statute.

**3.     Petitioner's Claims Are Not Cognizable on Habeas Corpus Review**

While challenges to the fact or duration of confinement are brought by petition for a writ of habeas corpus, challenges to conditions of confinement are brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983. See Preiser v. Rodriguez, 411 U.S. 475, 488-500. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Id. at 500. On the other hand, a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. Id. at 499. In short, "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge

to a prison condition will not necessarily shorten the prisoner's sentence." <u>Ramirez v. Galaza</u>, 334 F.3d 850, 859 (9th Cir. 2003), <u>cert. denied</u>, 541 U.S. 1063 (2004).

Upon review of the petition, habeas corpus is not the proper vehicle for Petitioner's claims because they arise out of Petitioner's complaints about the conditions of his life in prison and have no bearing on the length or validity of his incarceration. Petitioner claims that the Sheriff's Department has failed to provide him with pen, paper, and stamps, that it has refused to make photocopies, that it has a policy that restricts inmates from assisting one another with the preparation of legal documents, and that it improperly handles legal mail. (Pet. at 2.) Although he argues that his claims are cognizable on habeas review, as Petitioner notes, he challenges the conditions of his confinement. (<u>Id.</u> at 5.) Petitioner's claims are not cognizable on habeas review because a ruling in his favor would not affect the validity or duration of his confinement. <u>See</u> <u>Preiser</u>, 411 U.S. at 500; <u>Ramirez</u>, 334 F.3d at 859. Accordingly, the Court **DISMISSES** the petition without prejudice for failing to state a claim cognizable on habeas review. Therefore, the Court **DENIES** Petitioner's motion to expedite proceedings as moot and **DENIES** Petitioner's motion to proceed in forma pauperis as moot.

**4.      Application of 28 U.S.C. § 1915(g)**

Additionally, to the extent Petitioner wishes to file any § 1983 action in the future, the Court notes that he has filed several previous § 1983 actions that courts have found frivolous, malicious, or failed to state a claim.[1] <u>Woodall v. U.S. Marshall Svc.</u>, S.D. Cal. Case No. 01-CV-0179 BTM (LAB) (dismissing complaint as frivolous pursuant to 28 U.S.C. § 1915A); <u>Woodall v. Trujillo</u>, S.D. Cal. Case No. 01-CV-0004 BTM (CGA) (dismissing complaint as frivolous pursuant to 28 U.S.C § 1915A); <u>Woodall v. Imperial County Sheriff</u>, S.D. Cal. Case No. 00-CV-2584 JM (LSP) (dismissing complaint for failing to state claim pursuant to § 1915A).

---

[1] A court "may take notice of proceedings in other courts, both within and without the federal judicial system, of those proceedings have a direct relation to matters at issue." <u>United States v. Borneo, Inc.</u>, 971 F.2d 244, 248 (9th Cir. 1992).

Under 28 U.S.C. § 1915(g), a prisoner's right to proceed in forma pauperis is limited if the prisoner accumulates three "strikes":

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Accordingly, in a subsequent § 1983 action, a court found that Petitioner could not proceed in forma pauperis. Woodall v. Ashcroft, S.D. Cal. Case No. 02-CV-1714 IEG (RBB) (ruling that Petitioner had accumulated more than three strikes pursuant to 28 U.S.C. § 1915(g) and that he could not proceed in forma pauperis). Therefore, absent allegations that he is in danger of serious physical injury, Petitioner must pay the entire filing fee if he wishes to file any § 1983 action.

## Conclusion

Based on the foregoing, the Court **DISMISSES** this case without prejudice for failure to state a claim cognizable on habeas corpus review. Accordingly, the Court **DENIES** Petitioner's motion to expedite proceedings as moot and **DENIES** Petitioner's motion to proceed in forma pauperis as moot.

Additionally, if Petitioner wishes to bring a civil complaint pursuant to 42 U.S.C. § 1983, he must file a new case. Further, absent imminent danger of serious physical injury, he must pay the civil filing fee and comply with all procedural requirements.

**IT IS SO ORDERED.**

DATED: August 20, 2007

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

Copies To:
All Parties of Record